# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV18 SNLJ |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Edward Wiggins[1] (registration no. 160670), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

---

[1] Plaintiff also refers to himself as "Prince Ajamu Khalfani-El."

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $4.71. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Troy Steele, Omer Clark, A. Hughes, M. Raymond, C. Dowdy, T. Vilmer, John Williams, Mike Layden, Dan Martinez, and Keith Mays. Defendant Steele is the Superintendent at Southeast Correctional Center ("SECC"). All of the other defendants are members of either the censorship committee or grievance committee at SECC. The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on four occasions in 2008 he received notice that his incoming mail was censored because it contained racially inflammatory material or

promoted institutional violence. According to plaintiff, the censored mail included pamphlets from Kansas Mutual Aid and two issues of Lock and Key. Plaintiff says that these materials are important to his social and political philosophies. Plaintiff claims that defendants' purported reasons for censoring the materials are false and that the materials were taken for political reasons.

Plaintiff claims that he wrote a letter to defendant Steele about the censorship and his grievances. Plaintiff states that Steele did not respond to the letter.

Plaintiff says that on May 27, 2008, he attempted to file a grievance regarding one of the instances of censorship; plaintiff alleges that he was not permitted to file the grievance.

## Discussion

Plaintiff's allegations against defendant Steele fail to state a claim under § 1983 because they do not rise to the level of a constitutional violation.

Similarly, plaintiff's allegations regarding his May 27, 2008, attempt to file a grievance do not state a claim for relief because a prisoner does not have a constitutional right to file grievances. Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th

Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1993) (factual allegations in complaint must "connect the violation to the named defendants."). Plaintiff's complaint does not specify which of the defendants was responsible for the censorship of his mail. Plaintiff only states that "defendants" were involved, or he uses the passive voice and does not even specify whether the named defendants were involved. In a case like this, where there are ten named defendants, these allegations are insufficient to connect the alleged violations to the named defendants. As a result, plaintiff has failed to establish that the named defendants are directly responsible for the alleged violations of his First Amendment rights.

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __27th__ Day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE